MEMORANDUM**
The bankruptcy court did not clearly err by finding that debtor Peter Crane intentionally failed to disclose his claim against his former law firm. The court had the opportunity to observe the witnesses and did not credit Crane’s testimony that he was unaware that certain assets needed to be listed in his bankruptcy schedules. See Allen v. Iranon, 283 F.3d 1070, 1078 n. 8 (9th Cir.2002) (credibility findings entitled to special deference). To the contrary, the bankruptcy court found that Crane, an attorney, was sophisticated and knew of both the existence of the claim and its purported value at the time he filed for bankruptcy. Moreover, Crane’s bankruptcy attorney did not testify to corroborate his advice of counsel defense, and the trial revealed a number of other omissions and misstatements in the schedules. In light of all the evidence before it, it was not clear error for the bankruptcy court to find an intentional omission, made with the intent to deceive. See United States v. Working, 224 F.3d 1093, 1102 (9th Cir. 2000).
*9 Nor did the bankruptcy court clearly err by finding that Crane intentionally faded to disclose rental income from his sublessee. The bankruptcy court found that Crane was aware it was inconsistent and misleading to list his full rent as a liability, but not disclose that half of that rent was paid by his sublessee, for whom he had personally drafted a sublease. Although Crane again asserted reliance on counsel, he did not call his counsel to corroborate his testimony. And again, as the bankruptcy court noted, this was not an isolated omission.
The bankruptcy court’s findings were, in turn, fully sufficient to support the revocation of Crane’s Chapter 7 discharge. Although “[c]onstructive fraudulent intent cannot be the basis for denial of discharge,” “fraudulent intent may be established by circumstantial evidence, or by inferences drawn from a course of conduct.” Devers v. Bank of Sheridan (In re Devers), 759 F.2d 751, 753-54 (9th Cir. 1985); see also Garcia v. Coombs (In re Coombs), 193 B.R. 557, 564 (Bankr. S.D.Cal.1996).
Finally, the bankruptcy court did not abuse its discretion in denying Crane’s motion for a new trial. See Far Out Prods., Inc. v. Oskar, 247 F.3d 986, 992-93 (9th Cir.2001). Testimony by Crane’s former bankruptcy attorney, Mr. Vos, cannot legitimately be described as “newly discovered,” because Crane knew that Vos was a potential witness at the time of the first trial and failed to call him. Moreover, Crane did not demonstrate that he exercised reasonable diligence in obtaining Vos’s testimony. Apparently, all it took to refresh Vos’s memory was a copy of the bankruptcy court opinion; Crane does not explain why he could not have reminded Vos of the specific facts of the case prior to the initial trial.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.